UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Respondents. | Case No. 24-cv-04102-EKL<br><br>**ORDER OF TRANSFER**<br>Re: Dkt. Nos. 11, 12, 15 |

Petitioner, a state prisoner, submitted a filing titled an "Original Writ of Peremptory Mandate." ECF No. 1 at 1. The filing is at times difficult to understand. Petitioner submitted a petition to the California Supreme Court, but a hearing date has not been set and the California Supreme Court has not responded. *Id*. at 2. Petitioner seeks this Court to order the California Supreme Court to set a hearing. *Id*. at 3. Petitioner ultimately seeks to be released from prison and for his Stanislaus County conviction to be dismissed. *Id*. Any request for this Court to order the California Supreme Court to set a hearing is denied. Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Liberally construing petitioner's filing, he appears to seek habeas relief from a conviction in Stanislaus County Superior Court.[1] Stanislaus County is in the venue of the Eastern District of

---

[1] Petitioner's sentence of 76 years to life was affirmed by the California Court of Appeal in 2005. *People v. Glass*, No. F046540, 2005 WL 3275796, at *1 (Cal. Ct. App. Dec. 5, 2005).

California.  Petitioner is incarcerated in the Southern District of California.

Venue for a habeas action is proper in either the district of confinement or the district of conviction.  28 U.S.C. § 2241(d).  This district is neither.  Because petitions challenging a conviction are preferably heard in the district of conviction, Habeas L.R. 2254-3(a), and petitioner was convicted in the Eastern District of California, this case is TRANSFERRED to the United States District Court for the Eastern District of California.  *See* 28 U.S.C. § 1406(a); Habeas L.R. 2254-3(b); *see also Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  All pending motions (ECF Nos. 11, 12, 15) are VACATED.

**IT IS SO ORDERED.**

Dated: October 15, 2024

Eumi K. Lee
United States District Judge

2